

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 16, 1971

Hon. Hugh C. Yantis, Jr.          Opinion No. M-810
Executive Director
Texas Water Quality Board    Re:  Authority of Texas Water
1108 Lavaca Street                Quality Board to require
Austin, Texas   78701             owners or operators of
                                  solid waste disposal
                                  sites to post bond to
                                  insure proper closing of
Dear Mr. Yantis:                  site.

        In your request for an official opinion of this office
you state:

> "...It would appear to me that requiring
> the owners or operators of industrial
> solid waste disposal sites to be bonded
> by a surety company would be a desir-
> able way of insuring financial responsi-
> bility when it becomes necessary to
> close a commercial-industrial solid
> waste disposal site.  Since the Solid
> Waste Act does not specifically author-
> ize the Water Quality Board to require
> a surety bond as a condition precedent
> to licensing an industrial solid waste
> site, I hereby request an Attorney
> General's opinion as to whether or not
> the Water Quality Board can require such
> a bond at the present time."

        Basically, there is but one rule for construction of
statutes, and that is that the legislative intent must govern.
All other canons of interpretation, so called, are but grounds
of argument resorted to for the purpose of ascertaining the
true meaning of the law.  Mills County v. Lampasas County,
90 Tex. 603, 40 S.W. 403 (1897); Imperial Irrigation Co. v.
Jayne, 104 Tex. 395, 138 S.W. 575 (1911).

-3934-

State Boards and Agencies can exercise only such authority as is conferred on them by the law of the State of Texas or necessarily implied from a specific grant of authority. Ft. Worth Cavalry Club v. Sheppard, 125 Tex. 339, 83 S.W.2d 660 (1935); Tri-City Fresh Water Supply District No. 2 v. Mann, 135 Tex. 280, 142 S.W.2d 945 (1940).

> "A delegation of power, when permitted, must be expressed by clear and express terms or by clear implication. An administrative agency has only such authority, especially with respect to the regulation and control of private rights and properties, as is clearly delegated or necessarily implied from that expressly delegated. And when a statute delegating a power directs the manner of its exercise, that method is exclusive of all others." 53 Tex.Jur.2d 68, Statutes §36.

We further find that the statutory grant of an express power carries with it, by implication, every incidental power that is necessary and proper to the execution of the power expressly granted.

> "But interpretation by implication is permissible only when it is necessary. Resort may not be had to implications if the statute is explicit to the point in question. Nor is it permissible to resort to implication in order to arrive at an intention other than that which the statute reasonably reflects. Again, nothing is to be implied that is inconsistent with express provisions..." 53 Tex.Jur.2d 204, Statutes §141.

The Solid Waste Disposal Act, codified as Article 4477-7, Vernon's Civil Statutes, does not specifically authorize the Texas Water Quality Board to require a surety bond as a condition precedent to licensing an owner or operator of a solid waste disposal site.

Under the foregoing rules of statutory construction, we do not believe that the Legislature intended to authorize the Texas Water Quality Board to require a bond under the Solid Waste Disposal Act to insure proper closing of a site when its use has been completed. Because the Act does not contain express provisions allowing such a bond to be required, is silent on the question of financial responsibility, and does not contain any other provision from which the authority of the Board to require such a bond can be reasonably implied, we hold that the Board does not have such authority.

Your second question need not be answered since a bond may not be required under the present law.

### S U M M A R Y

Under the provisions of the Solid Waste Disposal Act, Article 4477-7, V.C.S., The Texas Water Quality Board has no authority to require a surety bond as a condition precedent to issuing a license to the owner or operator of a solid waste disposal site.

Respectfully submitted,

CRAWFORD C. MARTIN
Attorney General of Texas

by: _____
NOLA WHITE
First Assistant

Prepared by Roland H. Allen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

John Reeves
Bob Lemens
John Banks
Rex H. White

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant